UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY J. PRETTYMAN,

    Petitioner,

v.                                        CASE NO. 6:07cv-1125-Orl-22KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 10).

Petitioner alleges one claim for relief in his petition. For the following reasons, the Court finds that the petition is untimely and must be denied.

**I.**     *Procedural History*

Petitioner was charged by information with possession of cocaine with intent to sell or deliver (count one), possession of cocaine (count two), and possession of drug paraphernalia (count three). On June 26, 2001, Petitioner pled guilty to count one.[1] (App.

---

[1] Counts two and three were *nol prossed*. (App. A at 29.)

A at 25-29.) The state trial court sentenced Petitioner to one-year of community control to be followed by two years of probation. Petitioner did not appeal.

On November 15, 2004, Petitioner filed a motion for order terminating community control/probation.[2] The state trial court denied the motion on December 7, 2004, and Petitioner appealed. On March 15, 2005, the Fifth District Court of Appeal of Florida dismissed the appeal based on Petitioner's failure to file a certificate of insolvency or pay the filing fee. (App. B-3.)

Petitioner filed a Florida Rule of Criminal Procedure 3.000(a) motion to correct illegal sentence on June 22, 2005. (App. C.) The state trial court denied the motion, and Petitioner appealed. On February 6, 2007, the appellate court *per curiam* affirmed. (App. G.) Mandate was issued on February 23, 2007.

## II.     *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his conviction became final to file his federal habeas corpus petition. Petitioner's state court judgment and order of probation are dated June 26, 2001. He then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Because Petitioner did not file a direct appeal, his conviction became final on July 26, 2001, thirty days after the written sentence was rendered. Thus, he had through July 26, 2002, absent any tolling, to file his § 2254 petition. The instant proceeding was not filed until June 28, 2007, under the mailbox rule.

The Court is aware that Petitioner filed state post-collateral proceedings; however, because the one-year period concluded before Petitioner initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply to the state proceedings. *See Webster*

*v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000). Accordingly, because the one-year period of limitation ran on July 26, 2002, the instant habeas petition was not timely filed and must be denied.[3]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 22nd day of February, 2008.

ANNE C. CONWAY
United States District Judge

Copies to:
sc 2/22
Gary J. Prettyman
Counsel of Record

---

[3]The Court notes that Petitioner does not dispute that the petition was untimely filed. *See* Doc. No. 10.